CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED for Roanoke
JUL -9 2012
JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| JOSHUA SPEARS,<br>　　Plaintiff, | ) ) ) | Civil Action No. 7:12-cv-00296 |
| v. | ) ) ) | **MEMORANDUM OPINION** |
| NATALIE JONES,<br>　　Defendant. | ) ) | By:　Hon. Jackson L. Kiser<br>　　Senior United States District Judge |

Joshua Spears, a Virginia inmate proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 with jurisdiction vested in 28 U.S.C. § 1343. Plaintiff names Natalie Jones, an administrator at the Duffield Regional Jail ("Jail"), as the sole defendant. This matter is before me for screening, pursuant to 28 U.S.C. § 1915A. After reviewing plaintiff's submissions, I dismiss the complaint without prejudice as frivolous.

The Circuit Court of Wise County sentenced petitioner on February 15, 2012, to six months' active incarceration for assault and battery and for escaping custody, both class 6 felonies.[1] Plaintiff also alleges that the Circuit Court of Scott County sentenced petitioner on an unspecified date to an unspecific term of incarceration for an unspecified conviction. Both Circuit Courts ordered plaintiff to participate in the Jail's work release program.[2] Defendant administers the Jail's work release program, but she has not allowed plaintiff to participate in the work release program. Plaintiff asks me to order defendant to allow him to participate in the Jail's work release program.

---

[1] Plaintiff was sentenced to two years' incarceration for each sentence, to run concurrently, but the Circuit Court suspended all but six-months' time. See In Re Katrina Canal Breaches Consol. Litig., 533 F. Supp. 2d 615, 631-33 & nn.14-15 (E.D. La. 2008) (collecting cases indicating that federal courts may take judicial notice of governmental websites, including court records); Williams v. Long, 585 F. Supp. 2d 679, 686-88 & n.4 (D. Md. 2008) (collecting cases indicating that postings on government websites are inherently authentic or self-authenticating).

[2] "Work release is a specific program. . . . [that] permits the release of a qualified prisoner to work at his regular job as though free, to return to the correctional facility at the conclusion of each work period. The prisoner earns his regular pay, from which he is assessed for his maintenance at the correctional facility." Mabe v. Commonwealth, 14 Va. App. 439, 442, 417 S.E.2d 899, 900 (Va. Ct. App. 1992).

I must dismiss any action or claim filed by an inmate if I determine that the action or claim is frivolous or fails to state a claim on which relief may be granted. See 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1); 42 U.S.C. § 1997e(c). The first standard includes claims based upon "an indisputably meritless legal theory," "claims of infringement of a legal interest which clearly does not exist," or claims where the "factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989). Although I liberally construe pro se complaints, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), I do not act as the inmate's advocate, sua sponte developing statutory and constitutional claims the inmate failed to clearly raise on the face of the complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). See also Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (recognizing that a district court is not expected to assume the role of advocate for a pro se plaintiff).

Plaintiff argues that defendant's denial to allow plaintiff to participate in the Jail's work release program violates due process. The Fourteenth Amendment prohibits a State from depriving an inmate of liberty without due process of law. A person loses a significant interest in liberty when lawfully convicted and imprisoned, and the management of a prisoner's confinement is subject to the broad discretion of the jailer. Gaston v. Taylor, 946 F.2d 340, 343 (4th Cir. 1991) (en banc). To show the deprivation of a liberty interest, plaintiff must show either that the imposed condition exceeds the imposed sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force or that the imposed condition creates an atypical or significant hardship and that the state has granted its inmates, by regulation or by statute, a protected liberty interest in remaining free from that condition. Sandin v. Conner, 515 U.S. 472, 483-84 (1995).

Plaintiff is presently incarcerated at the Jail for committing felonies, and he complains that defendant will not authorize him for work release despite the Circuit Courts' orders. A circuit court may request a convicted felon be assigned to a work release program, but a regional jail's administrator, not a sentencing court, has the authority to assign the felon to a work release program. VA. CODE §§ 53.1-20(D), 53.1-131(A). Thus, Virginia law does not provide plaintiff a constitutionally protected liberty interest in work release, and "there is nothing atypical about prisoners being denied permission to leave jail in order to work." Kitchen v. Upshaw, 286 F.3d 179, 186-87 (4th Cir. 2002). Accordingly, plaintiff does not have a liberty interest to participate in the work release program, and the complaint is dismissed without prejudice as frivolous for pursuing a meritless legal theory.[3] See McLean v. United States, 566 F.3d 391, 399 (4th Cir. 2009) (dismissals without prejudice for frivolousness should not be exempted from 28 U.S.C. § 1915(g)).

The Clerk is directed to send copies of this Memorandum Opinion and the accompanying Order to plaintiff.

ENTER: This 9th day of July, 2012.

Senior United States District Judge

---

[3] To the extent plaintiff asks for a writ of mandamus, I lack the jurisdiction to require defendant to comply with a Virginia court's order. Gurley v. Superior Court of Mecklenburg Cnty., 411 F.2d 586, 587 (4th Cir. 1969).